IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON A. MAHE, | ) | CASE NO. 1:23 CV 2306 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| DR. BAVRAVA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jason Mahe, an inmate in the Lorain Correctional Institution ("LORCI"), brings this action *pro se* under 42 U.S.C. § 1983 against LORCI Physician Dr. Bavrava, LORCI Healthcare Adminstrator Ms. Lewis, LORCI Nurse Hannah, and LORCI officialas Jane Does ## 1 and 2, and John Doe. In the Complaint, Plaintiff contends that when he arrived at LORCI from the Nevada Department of Corrections, Bavrava discontinued all of his medications. He asserts that this was done in retaliation for disagreeing with Dr. Bavrava about the extent of his injuries. The Court also liberally construes the Complaint as attempting to assert a claim under the Eighth Amendment for deliberate indifference to serious medical needs. He asks the Court to order Dr. Bavrava to prescribe his pervious medications, and award him monetary damages.

**Factual and Procedural Background**

Plaintiff alleges that he is a partially disabled inmate at LORCI. He states he was shot nine times in 2014 and was shot in the head in 2003. He contends the gun shot wound to the head produced a traumatic brain injury which causes him to suffer from seizures. He states that

he still has bullet fragments in his brain. He also alleges that he was stabbed, but he does not state when that injury occurred.

Plaintiff states he arrived at LORCI from the Nevada Department of Corrections on May 15, 2023. He states that at the time of his arrival he was taking Lyrica, Neourtin, and Phenobarbital to control his seizures. He indicates he was also taking Oxycodone, Tramadol, and Bacofin for pain. Plaintiff alleges Dr. Bavrava discontinued two of the three seizure medications "cold turkey" without tapering off, because he disagreed with her knowledge of his medical history. He claims the disagreement occurred when Dr. Bavrava did not know the extent of his injuries, quickly diagnosed him, and took away his wheelchair. He alleges Dr. Bavrava also discontinued his pain medication "cold turkey" without tapering. He claims Dr. Bavrava's actions were malicious and retaliatory. He claims that he has suffered from seizures and severe pain since his medications were discontinued. He further claims Nurse Hannah and John Doe Nurse refused to give him Ibuprofen, telling him to buy it from the commissary.

Plaintiff alleges he had a conference with Healthcare Administrator Ms. Lewis to review his grievances regarding his medications. He claims Ms. Lewis reported that he would not get those medications while he is incarcerated in the Ohio Department of Rehabilitation and Corrections. He alleges that he cannot report his seizures because Jane Doe #1 already had him locked down in the medical department when he previously reported a seizure.

Plaintiff does not specifically identify claims for relief. He indicates that Dr. Bavrava retaliated against him for disagreeing with her. He states that one of the Jane Doe nurses conspired with Dr. Bavrava to deprive him of medication. He does not elaborate on that

statement. The Court also liberally construes his Complaint as an attempt to assert a claim for deliberate indifference to serious medical needs under the Eighth Amendment.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for Courts to use when deciding whether certain conditions of confinement constitute cruel and

unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. To rise to the level of a constitutional violation, the claim must present more than allegations of medical malpractice or a difference of opinion regarding the medical diagnosis or treatment. Where the Plaintiff is receiving some treatment, even if it is not the preferred treatment or best treatment option, the Court generally will not second guess the judgment of medical professionals in the prison. *Smith v. Sator*, 102 F. App'x 907, 909 (6th Cir. 2004). It is only when the Plaintiff's allegations demonstrate that the treatment provided is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" that it rises above a medical malpractice claim to a violation of the Eighth Amendment. *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002).

The facts alleged by Plaintiff do not rise to the level of deliberate indifference to serious medical needs. Rather, the Complaint describes a difference of opinion regarding the medications plaintiff should be taking for his medical conditions. At best, these allegations could suggest a cause of action for medical malpractice, but medical malpractice alone is not a violation of the Eighth Amendment.

Plaintiff also appears to assert a claim of retaliation. Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). To state a prima facie case for retaliation prohibited by the First Amendment, Plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff's retaliation claim is based on circular reasoning. He claims he and Dr. Bavrava disagreed about his medical history and the treatment needed to address his medical conditions. He claims Dr. Bavrava retaliated against him by imposing her treatment plan. Generally, arguing with prison officials is not considered protected conduct. *See, Goddard v. Kentucky Department of Corrections*, Nos. 99–5348 and 99–5971, 2000 WL 191758 at *2 (6th Cir. Feb.7, 2000). Moreover, it appears that the adverse action was the proposed treatment plan that started the dispute. Plaintiff has not demonstrated a causal connection between protected conduct and the implementation of the treatment plan.

Finally, Plaintiff includes a vague claim of conspiracy. He merely states that Dr. Bavrava and Jane Doe conspired to cause him harm. It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987). Plaintiff does not allege sufficient facts to suggest the existence of a conspiracy.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: February 21, 2024

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-7-